**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

LEANDER CORONA ESPINOZA,

Petitioner,

v.

WARDEN OF CALIFORNIA CITY DETENTION FACILITY, et al.,

Respondents.

Case No. 1:26-cv-06732-JLT-FJS

A-Number: 240-048-321

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Doc. 1.)

Leander Corona Espinoza is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 8.) In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Venezuela. Heo entered the United States without inspection in February 2022, where he was encountered by U.S. Border Patrol near Yuma, Arizona. (Doc. 1 at 12; Doc. 9 at 5.) Petitioner was served with a Notice to Appear, charging him pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act, and released on his own recognizance. (*Id.*) Petitioner claims to have been approved for Temporary Protected Status until April 2, 2025.

(Doc. 1 at 15.) On November 20, 2025, Petitioner's TPS was terminated. (Doc. 9 at 5.) Petitioner also claims to have a pending I-130 Petition for Alien Relative filed by his U.S. citizen wife. (Doc. 1 at 15.) While living in Orlando, Florida, Petitioner was gainfully employed as a licensed commercial truck driver and regularly paid taxes. (Doc. 1 at 25.) Petitioner was arrested for domestic violence on August 4, 2024, with charges ultimately being dropped/abandoned. (Doc. 9 at 12-13.) Petitioner was again arrested for domestic violence and kidnapping-false imprisonment on March 3, 2026. (*Id*. at 13.) According to the police report of the incident, Petitioner "grabb[ed] [the victim] by her arms and dragged her into the apartment while yelling profanities at her" following a verbal altercation. (Doc. 9 at 20-21.) Petitioner then "took her cellphone in an attempt to keep her from leaving the apartment." (*Id*.) The victim would later sign a declination of prosecution affidavit and request that Petitioner not be prosecuted for the domestic violence and false imprisonment charges. (Doc. 9 at 22.)

Following his arrest by local law enforcement, Petitioner was encountered by ICE at the Orange County Jail and taken into immigration custody. (Doc. 9 at 5.) On March 7, 2026, Petitioner was served with a Form I-200 Warrant for Arrest and Notice of Custody Redetermination. (*Id*. at 33, 35.) On March 30, 2026, Petitioner was issued a Notice to Appear, charging him pursuant to §§ 212(a)(7)(A)(i)(I) and 212(a)(6)(A)(i). (*Id*. at 24-31.) On August 13, 2026, Petitioner received a custody redetermination bond hearing, where the immigration judge found that Petitioner posed a flight risk, citing Petitioner's failure to submit evidence of his alleged marriage to a U.S. Citizen and evidence of a sponsor. (*Id*. at 37.) Petitioner appealed the decision to the Board of Immigration Appeals. (Doc. 1 at 27.) Petitioner is currently detained at the California City Detention Facility in California City, California. (Doc. 1 at 1.)

On August 24, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that he is being detained in violation of the Due Process Clause of the Fifth Amendment. (*See* Doc. 1 at 25-31.) Petitioner also claims that his August 13, 2026, bond hearing was constitutionally inadequate. (Doc. 12 at 6-8.) On September 29, 2026, Respondents filed an opposition, arguing that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). (Doc. 9 at 1.) Petitioner acknowledge that, pursuant to *Rodriguez Vazquez v.*

*Bostock*, 183 F.4th 1160 (9th Cir. 2026), § 1226(a) governs Petitioner's detention. (*Id.*)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

To the extent Respondents assert that Petitioner is subject to mandatory detention as an "arriving alien," pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also*, *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Nonetheless, that is not the end of the inquiry, as Petitioner has already received a bond hearing where an IJ found him to be a flight risk. Under these circumstances, the Court concludes that a post-deprivation bond hearing where the government bears the burden of proving flight risk or danger by clear and convincing evidence is the appropriate remedy. *See Moody v. Mullens*, No. 1:26-CV-02738-JLT-FJS (HC), 2026 WL 2690526 (E.D. Cal. Sept. 14, 2026) (ordering burden shifted bond hearing for a Petitioner who was previously released on parole and possessed a protected liberty interest but was found to be a danger and flight risk during a prior standard

custody redetermination hearing). It is clear from the August 14, 2026, order that the IJ placed the burden of proof on Petitioner, rather than the government. (*See* Doc. 9 at 27 ("Respondent failed to submit evidence [of] his alleged marriage to a U.S Citizen").) To the extent Petitioner appears to challenge the findings of the immigration judge in his denial of bond, he must exhaust his administrative remedies by appealing his bond order to the BIA before seeking habeas relief. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). The Court **DENIES** any such argument because complaints about the conclusion an IJ reached must be presented through the normal immigration appeals process.

Thus, the Court **ORDERS**:

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED IN PART** for the reasons stated in the orders cited above.

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. **At least 72 hours before** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and she **SHALL** be entitled to appear at the hearing. If her counsel has filed an appearance in the immigration proceedings, **at least 72 hours before** the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be

recorded.

5. The Clerk of Court is directed to serve the California City Detention Facility in California City, California, with a copy of this Order.

6. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: October 21, 2026

UNITED STATES DISTRICT JUDGE